UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
LISA HUNT,                                      :
                                                :   CASE NO. 1:09-CV-2029
            Plaintiff,                          :
                                                :
       v.                                       :   OPINION & ORDER
                                                :   [Resolving Doc. No. 14]
WESTERN NEW YORK CAPITAL,                       :
                                                :
            Defendant.                          :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this Fair Debt Collection Practices Act case, Plaintiff Lisa Hunt requests that the Court withdraw her earlier motion for a default entry against Defendant Western New York Capital, and that the Court grant her leave to file an amended complaint. [Doc. 14.]

Hunt's complaint alleges that the defendant debt collector threatened her with criminal charges and made continuous harassing phone calls to her workplace, in violation of the Fair Debt Collection Practices Act. [Doc. 1.] On October 23, 2009, Hunt filed a settlement notice indicating that the parties had reached and were finalizing a settlement. [Doc. 3.] On October 26, 2009, the Court accordingly marked the case as settled and dismissed it with prejudice. The Court retained jurisdiction to resolve disputes over the memorialization of the settlement agreement. [Doc. 4.] On December 8, 2009, Hunt brought a motion to enforce the settlement, alleging that the Defendant had failed to produce payment to Hunt, as agreed under the settlement terms. [Doc. 5.] The Court

Case No. 1:09-CV-2029
Gwin, J.

granted Hunt's motion on July 14, 2010, and ordered the Defendant to produce payment within fourteen days of its opinion and order. [Doc. 11.] On August 19, 2010, Hunt requested a default entry against Western New York Capital, saying that the Defendant still had not produced payment under the settlement. [Doc. 13.]

Hunt now moves to withdraw her default entry motion and for leave to file an amended complaint naming another debt collection company, International Asset Group, and its owner, John H. Chebat, as defendants. Hunt says she believes that, to escape liability under the settlement agreement, the Defendant Western New York Capital and its owners have re-named and re-incorporated as International Asset Group. [Doc. 14.]

Hunt seeks to amend her complaint after this case has been marked settled and closed. "Although leave to amend a complaint should be granted liberally when the motion is made pretrial, different considerations apply to motions filed after dismissal." *Russell v. GTE Gov't Sys. Corp.*, 141 Fed. Appx. 429, 436 (6th Cir. 2005) (quoting *In re General Motors Corp. Anti Lock Brake Products Liab. Litig.*, 174 F.R.D. 444, 446 (E.D.Mo. 1997), *aff'd*, 172 F.3d 623 (8th Cir. 1999)). "Amendments after judgment should only be allowed if the standards under [Federal Rules of Civil Procedure] 59(e) or 60(b) are met." *Id.* Finding Rule 59(e) inapplicable to this case, the Court construes Hunt's motion as one to reinstate this action under: Rule 60(b)(2), which provides relief upon newly discovered evidence;" Rule 60(b)(3), which provides relief where there has been "fraud . . . misrepresentation, or misconduct by an opposing party;" or Rule 60(b)(6), which provides relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Under Rule 60(b)(2) and 60(b)(3), however, Hunt's motion is untimely as a matter of law. The order marking this case settled and dismissed with prejudice was entered on October 26, 2009.

-2-

Case No. 1:09-CV-2029
Gwin, J.

Any motion brought under Rule 60(b)(2) or (3) must be brought within one year of the entry of judgment or order. Fed. R. Civ. P. 60(c)(1) ("A motion under 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after entry of the judgement or order . . . ."). Though Hunt suggests that she only "recently uncovered evidence" of the Defendant's potentially fraudulent efforts to escape liability, [Doc. 14 at 2], she makes no argument for why this otherwise absolute one year cut-off should not apply. Thus, any motion now brought under Rule 60(b)(2) or (3) is untimely and must be denied.

Moreover, Federal Rule 60(b)(6) provides grounds for relief from judgment only when the movant "show[s] 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). The Sixth Circuit has reiterated that the Rule applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citations omitted). Even assuming that Hunt could bring her motion under Rule 60(b)(6), where Rule 60(b)(3) also applies, she has not demonstrated why her case presents such exceptional or extraordinary circumstances that relief from judgment must be granted. Hunt may indeed have a claim against International Asset Group and John H. Chebat for fraudulent conveyance, among other things, but she must assert any such claims (and show jurisdiction) by filing a new action.

For the foregoing reasons, the Court **DENIES** Hunt's motion to withdraw her default entry request and for leave to reinstate the case to the Court's active docket and amend her complaint. In

Case No. 1:09-CV-2029
Gwin, J.

light of the Court's order, should Hunt still wish to withdraw her motion requesting default entry against Defendant Western New York Capital, she may file a motion so stating.

      IT IS SO ORDERED.


Dated: April 27, 2010                    s/ *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE